JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant Richard T. Herman, Administrator of the Estate of Sarah Ruiz, deceased ("plaintiff") appeals from the trial court's denial of his motion for relief from judgment pursuant to Civ. R. 60(B). For the reasons that follow, we affirm.
 {¶ 2} Plaintiff commenced this medical malpractice action on April 19, 2001 contending that defendants' negligence in caring for, prescribing medications for, and treating Sarah Ruiz in October and November 1999 caused and/or contributed to her death. On June 14, 2001, the trial court held a case management conference and established various filing dates and deadlines. As part of that schedule, plaintiff's expert report was due September 7, 2001; the discovery cut-off was December 28, 2001; and dispositive motions were to be filed by January 21, 2002.
 {¶ 3} On December 14, 2001, defendants-appellees Metrohealth Medical Center and Andrew Sakiewicz, M.D. ("defendants") filed their motion for summary judgment asserting that plaintiff failed to establish a prima facie case of medical negligence by not producing any expert testimony. (R. 11). Plaintiff neglected to oppose defendants' motion and on February 22, 2002, the trial court granted it.
 {¶ 4} On March 6, 2002, plaintiff moved for relief from judgment under Civ. R. 60(B)(1). At the same time, plaintiff sought leave to respond to defendants' motion for summary judgment and for an extension of time to complete discovery. In support of both motions, plaintiff submitted a letter dated February 27, 2002, authored by Lori A. Rusterholtz, M.D., F.A.C.C. The subject of Dr. Rusterholtz's correspondence is "Review of Medical Records, Sarah Ruiz." Therein, she states:
 {¶ 5} "The area of concern is whether her cardiologist * * * appropriately handled an elevated PTT. * * * The appropriate handling of such an elevated lab draw would have been to hold and decrease the dose of heparin and obtain follow-up laboratory evaluation the next day. From the available medical records it is not clear whether this was done.
 {¶ 6} "If the patient had a marked elevation of the PTT and no change was made in her anticoagulation this is a clear deviation from accepted standards of care. Such over anticoagulation clearly put her at increased risk for spontaneous or recurrent bleeding and probably initiated the chain of events that led to her death. Additional laboratory data regarding the level of Mrs. Ruiz [sic] anticoagulation during the time period from 10/19 through 10/25, which was not part of the record, would be important in further understanding what occurred in this case." (R. 18 and 19, Exhibits A thereto).
 {¶ 7} On August 21, 2002, the trial court denied plaintiff's motion for relief from judgment finding that plaintiff failed to establish excusable neglect and failed to set forth evidence of a meritorious claim. From this ruling, plaintiff appeals assigning these related errors for our review:
 {¶ 8} "I. The trial court erred to the prejudice of plaintiff-appellant in overruling his motion for relief from judgment.
 {¶ 9} "II. The trial court abused its discretion in failing to grant plaintiff-appellant's motion for relief from summary judgment."
 {¶ 10} We begin by noting the decision whether to grant a Civ. R. 60(B) motion rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Civ. R. 60(B) provides as follows: "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." To prevail on his motion under Civ. R. 60(B), the movant bears the burden of demonstrating that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec. Inc. v. ARC Indus.,Inc. (1976), 47 Ohio St.2d 146, 150.
 {¶ 12} Plaintiff's motion for relief from judgment did not contain allegations or evidence that would warrant relief under Civ. R. 60(B). He filed his motion within a reasonable time; however, the record does not indicate that he presented a meritorious claim as required by law. Ibid. Even though he submits the letter of Lori Rusterholtz, M.D.,[1] she does not conclude that the defendants' failed to meet the standard of care directly and proximately resulting in Ms. Ruiz's death. Rather, she merely speculates as to the possibility of medical malpractice. To maintain a medical malpractice claim, the law requires plaintiff to demonstrate that the medical negligence "in probability" caused the alleged injury through medical opinion testimony.[2] See Bruni v.Tatsumi (1976), 46 Ohio St.2d 127. For this reason, the trial court did not abuse its discretion when it denied plaintiff's motion for relief from judgment and the assigned errors are overruled.
Judgment affirmed.
PATRICIA A. BLACKMON, P.J., and TIMOTHY E. McMONAGLE, J., CONCUR.
[1] We further make note that Dr. Rusterholtz's correspondence is dated February 27, 2002, which is months after the court-imposed deadline for obtaining plaintiff's expert report. Further, plaintiff's proffered difficulty in obtaining an expert in this case is not supported by the docket and record which is devoid of any attempt by plaintiff to seek an extension until after the deadline had passed and the court had already disposed of the claims on summary judgment.
[2] Expert testimony is not mandated, however, if the matter is within the common knowledge of lay persons. Here, the proximate cause of Mr. Ruiz's death is beyond the common knowledge of lay persons thus requiring expert testimony.